IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRENDA J. LAMB,**

    **Plaintiff,**

**v.**                                              **Civil Action No. 1:18cv120**
                                                                       **(Judge Kleeh)**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO DISMISS [ECF NO. 3]**

Pending before the Court is a Motion to Dismiss for failure to timely serve under Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons discussed herein, the motion is denied.

    **I.**     **PROCEDURAL & FACTUAL HISTORY**

On May 21, 2018, the Plaintiff, Brenda J. Lamb ("Plaintiff"), filed a Complaint in this action against the Defendant, Nancy A. Berryhill ("Defendant"), the Acting Commissioner of the Social Security Administration. Plaintiff improperly filed a Request for Waiver of Service the next day.[1] On October 9, 2018, Defendant filed the pending Motion to

---

[1] Under Rule 4(d), a request for waiver of service is inapplicable in a suit against the United States or one of its agencies.

1

Dismiss, requesting dismissal with prejudice under Rule 41 for failure to comply with 4(m) or dismissal without prejudice for failure to timely serve under 4(m).

Service was not completed upon the Government until October 22, 2018 (well beyond the 90-day limit). On the same day, United States District Judge Keeley entered a First Order and Notice Regarding Discovery and Scheduling ("First Order"). Defendant moved to stay the deadlines in the First Order pending resolution of the Motion to Dismiss. The case was transferred to United States District Judge Thomas S. Kleeh, and the Court granted the motion to stay. The Motion to Dismiss is fully briefed and ripe for consideration.

## II.  DISCUSSION

### A. Amendments to Rule 4(m)

Until 1993, under Rule 4(j),[2] the Court was required to dismiss a complaint without prejudice if service was not made within 120 days of the complaint's filing:

> If the service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's

---

[2] Until 1993, Rule 4(m) was Rule 4(j).

> own initiative with notice to such party or upon motion.

In 1993, the Rule was amended and became 4(m). Specific language was added to allow the Court to "direct that service be effected within a specified time" if service was untimely:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The advisory committee note to the 1993 amendment explains that an extension must be granted if good cause exists. It further states that Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." The notes provide examples of when this might take place: "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."

In 2007, Rule 4(m) was amended again. The advisory committee notes for the 2007 amendment provide that the changes

"are intended to be stylistic only" and are "part of the general restyling of the Civil Rules to make them more easily understood."

Finally, in 2015, Rule 4(m) was amended to change the time period for service from 120 days to 90 days. The current version of Rule 4(m) states, in relevant part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

### B. Good Cause Under Rule 4(m)

Under 4(m), "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." In determining whether good cause exists, the Court must consider whether the following took place:

> (1) the delay in service was outside the plaintiff's control, (2) the defendant was evasive, (3) the plaintiff acted diligently or made reasonable efforts, (4) the plaintiff is pro se or in forma pauperis, (5) the defendant will be prejudiced, or (6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A).

Greenbrier Hotel Corp. v. ACE Am. Ins. Co. (CHUBB), No. 2:19-

Case 1:18-cv-00120-TSK   Document 20   Filed 05/14/20   Page 5 of 10   PageID #: 93
**LAMB V. COMMISSIONER OF SOCIAL SECURITY**                    **1:18-CV-120**

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO DISMISS [ECF NO. 3]**

cv-00118, 2019 WL 2353372, at *2 (citing Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 306 (4th Cir. 2016)). The plaintiff bears the burden of establishing that good cause exists. Beasley v. Bojangles' Rests., Inc., No. 1:17CV255, 2018 WL 4518693, at *1. It is "determined on a case-by-case basis within the discretion of the district court." Scott, 673 F. App'x at 306.

Here, good cause does not exist. First, Plaintiff's counsel does not offer any justification for the untimely service beyond his admission that he made a mistake and should have re-read Rule 4. He does not reference a personal or professional issue that affected service. There does not appear to be any interference outside of his control. As Defendant points out, "mere inadvertence" does not qualify as good cause. Plaintiff has not established good cause for her failure to timely serve, so the Court is not required to extend the time for service.

### C. Extending Service in the Absence of Good Cause

In 1995, two years after the 1993 amendments to 4(m), the Fourth Circuit decided Mendez v. Elliot, 45 F.3d 75 (4th Cir. 1995). In Mendez, service was accomplished 177 days after the complaint was filed and 57 days after the deadline. Id. at 77. The district court dismissed the action because the plaintiff failed to demonstrate good cause. Id. at 78. The Fourth Circuit

Case 1:18-cv-00120-TSK   Document 20   Filed 05/14/20   Page 6 of 10   PageID #: 94
LAMB V. COMMISSIONER OF SOCIAL SECURITY                    1:18-CV-120

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO DISMISS [ECF NO. 3]**

affirmed the district court, writing that "Rule 4(m) requires that good cause be shown for obtaining an extension." Id. at 80.

Despite the holding in Mendez, the following year, the Supreme Court of the United States wrote in dicta that "in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" Henderson v. United States, 517 U.S. 654, 662 (1996). Further, the Fourth Circuit has held in a number of unpublished decisions that extensions may be granted without good cause. See, e.g., Scruggs v. Spartanburg Reg'l Med. Ctr., 198 F.3d 237, No. 98-2364, 1999 WL 957698, at *2 (4th Cir. 1999) (unpublished) (refraining from formally adopting Henderson dicta but noting that "the district court, in its discretion, could have extended the time for proper service of process, notwithstanding its apparent belief to the contrary"); Giacamo-Tano v. Levine, 199 F.3d 1327, No. 98-2060, 1999 WL 976481, at *1 (4th Cir. 1999) (unpublished) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension for time of service.").

The United States District Court for the Northern District of West Virginia has recognized the same concept in multiple decisions. In Bruce v. City of Wheeling, the defendants argued that the complaint must be dismissed because the plaintiff

failed to show good cause. No. 5:07CV76, 2008 WL 4763274, at *3 (N.D.W. Va. Oct. 29, 2008). Judge Stamp wrote that the defendants were relying on case law that was no longer applicable under the 1993 and 2007 amendments to 4(m): "[m]ost courts have held that the [1993] amendment substantively changes the rule's content by eliminating the good cause requirement[.]" Id.

While acknowledging that Mendez is a published opinion in the Fourth Circuit, Judge Stamp noted that the relevant events in Mendez occurred between April 1993 and October 1993, when the amended 4(m) did not go into effect until December 1993. Id. at *4. In light of the amendments to 4(m), Henderson, unpublished post-Mendez decisions, and the weight of authority, Judge Stamp found that 4(m) permits courts to enlarge the time for service in the absence of a good-cause showing. Id. at *5. He found that the following factors should be considered in determining whether to grant an extension to a plaintiff who has not shown good cause: "whether a statute of limitations bar would preclude the plaintiff from re-filing, whether an extension will prejudice the defendant, whether the defendant had actual notice of the lawsuit, and whether the plaintiff eventually effected service." Id.

Judge Stamp reiterated this approach to Rule 4(m) in other

cases. See, e.g., Hardy v. Astrue, No. 5:09CV112, 2010 WL 1138338, at *4 (N.D.W. Va. Mar. 19, 2010) (granting an extension in the absence of good cause after finding that "the plaintiff did eventually effect service" and that there was "no evidence to suggest that [the defendant] was prejudiced by this extension"); Cox v. Babcock & Wilcox Constr. Co., 5:09CV84, 2009 WL 3764831, at *4 (N.D.W. Va. Nov. 9, 2009) (granting an extension in the absence of good cause after finding that "the plaintiff did eventually effect service, only one day after the permitted time period prescribed" and that "the defendants have offered no argument, and this Court finds no evidence to suggest, that they were prejudiced by this extension").

Based on the text of the rule itself, the committee notes, the dicta in Henderson, and the approach taken in various unpublished decisions, this Court finds that it has discretion to extend time for service even when good cause is absent.[3]

---

[3] The Court recognizes that there is authority in the district, in addition to Mendez, to the contrary. See, e.g., Martinez v. United States, 578 F. App'x 192, 193 (4th Cir. 2014) (unpublished) ("A plaintiff may escape dismissal for failure to timely serve process only if she demonstrates 'good cause' for the delay."); Hager v. Graham, No. 5:05CV129, 2007 WL 1089088, at *2 (N.D.W. Va. Mar. 30, 2007) (noting that the "trial court does not have discretion to extend time absent showing of good cause"); Carrigan v. Eli Lilly & Co., No. 5:05CV131, 2006 WL 1705909, at *2 (N.D.W. Va. 2006) (also noting that the "trial court does not have discretion to extend time absent showing of good cause"); T&S Rentals v. United States, 164 F.R.D. 422, 427

According to the advisory committee notes and the test applied by Judge Stamp in Bruce, the Court should consider the following: "whether a statute of limitations bar would preclude the plaintiff from re-filing, whether an extension will prejudice the defendant, whether the defendant had actual notice of the lawsuit, and whether the plaintiff eventually effected service." Bruce, 2008 WL 4763274, at *5.

Here, first, a statute of limitations bar would preclude Plaintiff from re-filing because he needed to file his action within 90 days of the adverse agency decision. See Resp., ECF No. 8, at 2. Second, Defendant has not pointed to any evidence that it would be prejudiced by an extension. Third, Defendant had actual notice of the lawsuit by September 27, 2018. See id. (noting that this was the date Agency counsel "learn[ed] for the first time . . . that a Complaint had been filed in this matter"). Fourth, Plaintiff did eventually complete service on October 22, 2018, soon after the motion to dismiss was filed. The Court finds that these factors weigh in favor of Plaintiff.

---

(N.D.W. Va. 1996) (dismissing because no good cause existed). See also Marinkovic v. Schultz, No. CR-16-1461, 2017 WL 6422372, at *4 (D. Md. Aug. 9, 2017) (recognizing disagreement in the Fourth Circuit and ultimately following Mendez and dismissing due to lack of good cause).

### III. CONCLUSION

For the reasons discussed above, the Motion to Dismiss [ECF No. 3] is **DENIED**. The **STAY** is hereby **LIFTED**. The Court will issue a Second Order and Notice Regarding Discovery and Scheduling in the near future, and the case will proceed in normal course.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: May 14, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE