IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRENDA J. LAMB,**

    **Plaintiff,**

v.                                          **Civil Action No. 1:18cv120**
                                                             **(Judge Kleeh)**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO PARTIALLY DISMISS [ECF NO. 31]**

Pending before the Court is a *Motion to Partially Dismiss or, Alternatively, Motion for Partial Summary Judgment* for failure to exhaust available administrative remedies with respect to administrative claim PHI-15-0526-SSA. [ECF No. 31]. For the reasons discussed herein, the motion is granted.

I. <u>INTRODUCTION</u>

On May 21, 2018, the Plaintiff, Brenda J. Lamb ("Plaintiff"), filed a Complaint against the Defendant, Nancy A. Berryhill ("Defendant"), the Acting Commissioner of the Social Security Administration, alleging various claims of employment discrimination:

(1) Harassment on the basis of disability;

(2) Disparate treatment with respect to performance reviews and performance awards on the basis of disability;

(3) Reasonable accommodation;

(4) Failure to develop affirmative action plan for the hiring, placement, and advancement of individuals with disabilities;

(5) Retaliation for engaging in protected EEO activity; and

(6) Race discrimination.

[ECF No. 1, Compl., ¶¶ 33-38]

On May 14, 2020, this Court denied a Motion to Dismiss filed by Defendant. [ECF No. 20]. On July 8, 2020, Defendant filed a Motion for Partial Dismissal / Motion for Partial Summary Judgment ("Motion"), requesting dismissal with prejudice because Plaintiff failed to exhaust the administrative remedies with respect to the 2015 administrative claim PHI-15-0526-SSA. [ECF No. 31]. Plaintiff responded to the Motion on July 22, 2020. [ECF No. 35]. Defendant filed a Reply on July 28, 2020. [ECF No. 36]. Thereafter, the Court granted a motion to extend the scheduling order deadlines, extending the deadline for discovery to May 3, 2021, and dispositive motions to June 4, 2021. [ECF No. 39]. The Motion is fully briefed and ripe for review.

## II.  FACTS

Plaintiff alleges a cause of action based upon two administrative claims that she submitted to the Social Security Administration ("SSA"), PHI-15-0526-SSA (2015 Action) and PHI-17-0510-SSA (2017 Action). See ECF No. 1, Compl., ¶ 1. The 2015 Action

is the claim particularly at issue in the instant Motion filed by Defendant.

Plaintiff, an African American woman, has worked for the federal government for 34 years. [ECF No. 1, Compl., ¶ 1]. Plaintiff currently works for the Social Security Administration in the Morgantown, West Virginia, office, as an administrative assistant in the ODAR, now referred to as the Office of Hearing Operations (OHO). Id. at ¶¶ 7-8. Plaintiff was responsible for time-and-attendance records for everyone in the office, invoice processing, and all office administrative reports. Id. at ¶ 9.

Plaintiff was targeted by a Morgantown Group Supervisor named Angela Thornton ("Thornton") starting in 2004 with "overt, racially-hostile behavior, including verbal threats of physical violence, hostile physical gestures, and altering computer system entries to make it appear [Plaintiff's] work was deficient." Id. at ¶ 10. Plaintiff filed an administrative complaint which was denied. Id.

In August of 2008, Marianne Blair ("Blair") became the Morgantown Hearing Office Director and summoned Plaintiff into her office to inform her that the accommodation she had been granted would no longer be available to her. Id. at ¶ 12. Specifically, Plaintiff was allowed to work from 10:00 a.m. to 6:30 p.m. instead of 9:30 a.m. to 6:00 p.m. in order to accommodate a depressive illness and physical disability, a congenitally foreshortened

right arm. Id. Blair also told Plaintiff that she would no longer be able to earn "compensatory time" or to work on Saturdays or weeknight evenings to earn "credit time," contrary to SSA policy. Id. at ¶ 13.

Plaintiff filed an administrative complaint in 2008: PHI-08-0694-SSA. Id. at ¶ 15. The SSA found against Plaintiff's favor, but on appeal found that Blair illegally discriminated against Plaintiff by denying an accommodation of her disability. Id. at ¶ 15. Blair's discriminatory behavior against Plaintiff continues to this day where she has "impose[d] unwarranted scrutiny, unfounded review criticism, and workplace hostility." Id. at ¶ 16. Plaintiff has tried to advance and obtain a transfer, applying for at least 30 personnel announcements in the SSA and made the best-qualified list for several of the announcements but was denied each due to Blair. Id. at ¶ 19. Plaintiff has been held at her current pay grade instead of increasing pay. Id.

Blair has leveled unfounded reprimands against Plaintiff and has never recommended Plaintiff for a promotion. Id. at ¶ 20. She has retaliated against Plaintiff due to Plaintiff exercising her right to file administrative complaints. Id. Blair obstructed Plaintiff's efforts at mitigating the physical and mental injuries caused by these retaliatory changes in her job description, including "holding time-sensitive paid-medical-leave paperwork [Plaintiff] submitted for processing, fabricating a paper trail

for adverse management action by making unfounded accusations in written form, usually via emails, repeatedly demanding residual functional capacity assessment forms from [Plaintiff's] healthcare providers, and defaming [Plaintiff's] timeliness and quality of work." Id. at ¶ 23. Plaintiff alleges this constitutes violations of the Rehab Act and Title VII of the Civil Rights Act of 1964. Id. at ¶¶ 32-40. These actions were the subject of both 2015 and 2017 administrative claims: PHI-15-0526-SSA (filed July 31, 2015, subject claim of Motion) and PHI-17-0510-SSA (filed June 19, 2017). Plaintiff further states that her administrative remedies have proved futile. Id. at ¶ 24. In response to Blair's unrelenting willful retaliation, Plaintiff sought Equal Employment Opportunity Commission ("EEOC") counseling and exhausted her administrative remedies on the two complaints at issue, which was met with agency indifference. Id. at ¶ 27.

Plaintiff's 2015 action was filed pro se and prosecuted with the assistance of counsel after March 29, 2017. That complaint was accepted by the agency for review on the following grounds: "non-sexual harassment on the bases of disability (physical and mental), race (African American) and retaliation (former EEO complaint), beginning in November 2013 through July 31, 2015, in terms of working conditions including performance appraisals, leave requests, reprimand, awards and career development opportunities." Id. at ¶ 28, Exhibit B to ECF No. 32. The complaint was dismissed

on procedural grounds and an appeal was filed on July 25, 2017, to which no decision has been rendered. Id. Plaintiff states this fact exhausts her administrative remedies so that the civil action brought before this Court may proceed. Id.

The 2017 action was denied, triggering the 90-day period for filing this civil suit, which plaintiff did, and therefore exhausted her administrative remedy for the 2017 action for it to survive in this court. Id. at ¶ 29. The SSA refused ADR and dismissed both claims on timeliness grounds. Id. at ¶ 30.

### III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a Complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the Complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(6)(b) tests the "legal sufficiency of a Complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A court should dismiss a Complaint if it does not contain "enough facts to state a claim to relief that is

plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555. A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

Courts may consider "documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) (internal citation and quotation omitted). District Courts can rely exclusively on the allegations in a plaintiff's complaint and documents that are integral to the complaint without converting a motion to dismiss into a motion for summary judgment. Id. at 117 (citing N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 453 (7th Cir. 1998)).

A court "may properly take judicial notice of 'matters of public record' and other information that, under Fed. R. Evid. 201, constitute 'adjudicative facts.'" Goldfarb v. Mayor & City

Council of Baltimore, 791 F.3d 500,508 (4th Cir. 2015). A court may take judicial notice of adjudicative facts if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Further, courts may take judicial notice of publicly available records without converting a motion to dismiss to one for summary judgment. See, e.g., Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 607 (4th Cir. 2015) ("[C]ourts are permitted to consider facts and documents subject to judicial notice without converting the motion to dismiss into one for summary judgment."). Therefore, this Court takes judicial notice of the EEO complaint of discrimination filed by Plaintiff on July 31, 2015, at the SSA. See Exhibits to Motion to Dismiss, ECF No. 32.

## IV.  DISCUSSION

Defendant's Motion focuses on Plaintiff's failure to exhaust her administrative remedies for the July 31, 2015 administrative claim PHI-15-0526-SSA, in which she alleged harassment on the basis of disability, race, and because she pursued a prior employment complaint. See Exhibits to Motion. Defendant argues that Plaintiff's claims in the complaint, as they relate to the 2015 Action, should be dismissed because Plaintiff failed to exhaust

the administrative remedies of the 2015 Action and failed to plead facts to support a claim of harassment. Motion to Dismiss, ECF No. 32. In her four (4) page response, Plaintiff simply argues that Defendant's Motion is premature because meaningful discovery has not yet been completed. Response to Motion to Dismiss, ECF No. 35.

A plaintiff alleging employment discrimination must exhaust the available administrative remedies before she files a lawsuit in federal court. See Davis v. N.C. Dept. of Corr., 48 F.3d 134 (4th Cir. 1995); Evans v. Technologies Applications & Service Co., 80 F.3d 954 (4th Cir. 1996). Allegations lodged in an administrative discrimination claim often "limit the scope of any subsequent judicial complaint." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) (citing King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir. 1976)). Only those discrimination claims contained in the charge, those reasonably related to the original claim, and those developed by reasonable investigation of the original claim are cognizable in a subsequent employment discrimination lawsuit. Id. (citations omitted).

The EEOC promulgated Part 1614 - Federal Sector Equal Employment Opportunity, 29 C.F.R. § 1614.101 et seq. This regulation supports "the policy of the Government of the United States to provide equal opportunity in employment for all persons, to prohibit discrimination in employment because of race, color,

. . . or handicap and to promote the full realization of equal employment opportunity through a continuing affirmative program in each agency." 29 C.F.R. § 1614.101(a). The regulation further provides that each agency shall maintain a program to promote equal opportunity and identify deficiencies that are contrary to the policy. 29 C.F.R. § 1614.101(b).

Before filing the agency complaint, an aggrieved employee is required to contact an EEO counselor within 45 days of the date of the matter alleged to be discriminatory occurred. 29 C.F.R. § 1614.105(a)(1). Next, the aggrieved employee may file a complaint, and it must be "filed with the agency that allegedly discriminated against the complainant." 29 C.F.R. § 1614.106(a). It is well-settled that an administrative claim which is dismissed because it was not timely presented to a counselor is inherently unexhausted and not cognizable in any subsequent lawsuit. See Landino v. Sapp, 520 F. App'x 195, 198 (4th Cir. 2013) (per curiam) (unpublished) (affirming dismissal of specific retaliation claims that were administratively unexhausted because they were not timely presented to a counselor); see also Tartal v. Henderson, 211 F.3d 1265, *1 (4th Cir. 2000) (affirming dismissal of employment discrimination complaint because the plaintiff failed to contact the counselor within 45 days of the alleged discriminatory conduct). Allegations contained in an administrative discrimination claim generally limit the scope of any subsequent

judicial complaint. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) (internal quotation and citation omitted).

Here, the accepted claim for the 2015 Action was: "non-sexual harassment on the bases of disability (physical and mental), race (African American) and retaliation (former EEO complaint), beginning in November 2013 through July 31, 2015, in terms of working conditions including performance appraisals, leave requests, reprimand, awards and career development opportunities." Compl. at ¶ 28, Exhibit B to ECF No. 32 (hereinafter "SSA Letter"). According to the EEO Counselor's Report, Plaintiff's first date of contact with the EEO counselor regarding her 2015 Action was on April 6, 2015. Exhibit A to ECF No. 32 (hereinafter "EEO Counselor's Report"). Defendant further asserts that all the conduct alleged by Plaintiff in the 2015 Action occurred between November 2013 and April 28, 2015. See Exhibit C to ECF No. 32 (hereinafter "SSA Report of Investigation") ("Description of Complaint . . . Date(s) of alleged discrimination: November 2013 – July 31, 2015").

Plaintiff's 2015 Action was dismissed in its entirety by Administrative Judge Iris Santiago-Flores ("ALJ") who found that plaintiff failed to timely contact an employment counselor within the required 45 days of wrongful conduct pursuant to 29 C.F.R. § 1614.105(a)(1), and that the specific untimely accusations "all

occurred before February 20, 2015." Exhibit D to ECF No. 32 (hereinafter "ALJ Order of Dismissal"). The ALJ also found that a claim of harassment and retaliation cannot be established by untimely discrete acts, and Plaintiff failed to state a claim for which relief can be granted. Id., Nat'l R.R. Passengers Corp. v. Morgan, 536 U.S. 101 (2002).

Indeed, the discriminatory conduct of which Plaintiff complains occurred in 2013 and 2014, much before the 45-day window required. See SSA Report of Investigation, Events Two, Three, and Eight. The allegations attached to events occurring within the years 2013 and 2014 cannot be sustained by Plaintiff because she failed to seek the required counseling for such complaints within the required 45 days. Therefore, the claims by Plaintiff that occurred prior to February 20, 2015, are untimely, and are dismissed. See 29 C.F.R. § § 1614.105(a)(l), 107(a)(2), 109(b); Morgan, 536 U.S. at 109-12. Because such alleged conduct occurred outside the 45-day window of April 6, 2015, those claims are **DISMISSED** for failure to exhaust the administrative remedies. 29 C.F.R. § 1614.105(a)(1). Defendant's Motion is **GRANTED** as to claims of conduct alleged to have occurred prior to February 20, 2015.[1]

---

[1] This ruling includes Events Two, Three, and Eight as listed in the SSA Report of Investigation. Event Three is titled "2015 Letter of Reprimand" but instead references a 2014 letter of reprimand. See SSA Report of Investigation. For this reason, this issue listed in Event Three is categorized as a 2014 event in the record,

Event Six is titled "Denial of Career Development Opportunities." SSA Report of Investigation. Plaintiff alleged that she was not selected for several positions that she applied for in the years 2014 and 2015, but she did not identify the specific dates for any non-selection. Under the Twombly and Iqbal pleading standards, Plaintiff failed to plead facts making the alleged legal violation under Event Six plausible. Plaintiff's complaint makes only general and sweeping allegations with regard to these facts, and Event Six cannot be sustained on such allegations. The purpose of a motion to dismiss under Rule 12(6)(b) is to text the legal sufficiency of a Complaint, and Plaintiff's claim fails on this matter. The Court **GRANTS** Defendant's motion as to this issue.

The Court turns to Plaintiff's remaining claims of discriminatory conduct, which allegedly occurred in April 2015, and are categorized in the SSA Report of Investigation as Events 1, 4, 5, and 7. The April 2015 conduct occurred after the April 6, 2015, initial contact with the EEO counselor. Plaintiff failed to make the required 45-day initial contact with a counselor in order to proceed with her claims. Specifically, the alleged discriminatory conduct occurred on April 8, 9, 10, 16, and 28 of the year 2015. See SSA Report of Investigation. It appears

---

including the ALJ's Order of Dismissal, and is **DISMISSED**. See ALJ Order of Dismissal.

Plaintiff made initial contact with the EEO counselor on April 6, 2015.[2] EEO Counselor's Report. Under 29 C.F.R. § 1614.105(a)(1), Plaintiff cannot sustain the April 2015 claims because she failed to exhaust her administrative remedies, which is a requirement prior to bringing suit. See Davis v. N.C. Dept. of Corr., 48 F.3d 134 (4th Cir. 1995).

In Osborne v. Long, 1:11-CV-00070, 2012 WL 851106, at *10 & n. 5 (S.D.W. Va. Mar. 13, 2012), the Court observed that "Plaintiffs' silence [in response to a motion to dismiss] is, perhaps, a concession that [the claim] is unfounded" and further noted that "a number of federal courts have declared that a motion to dismiss may be properly granted without reaching the merits on the grounds that the plaintiff's failure to respond operates as a concession that the motion should be granted." Osborne, 2012 WL 851106, at *10 & n. 5. See Frye v. Lincoln County Commission, Civ. Action No. 2:20-cv-00403, 2021 WL 243864, *1, *4 (S.D.W. Va. Jan. 25, 2021) (noting that "Plaintiff's failure to respond to [an] argument indicates that he has abandoned this claim"), see also Brevard v. Racing

---

[2] The EEO Counselor's Report lists April 6, 2016, as the date of initial contact; April 20, 2015, as the date of initial interview; and April 28, 2015, as the date extension form signed by aggrieved. 29 C.F.R. § 1614.105(a)(1) requires that "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."

Corp. of West Virginia, Civ. Action No. 2:19-cv-578, 2020 WL 1860713 at *8 (S.D.W. Va. Apr. 13, 2020); Taylor v. Clay Cty. Sheriff's Dep't, No. 2:19-cv-00387, 2020 WL 890247, at *2 (S.D.W. Va. Feb. 24, 2020) (finding the plaintiff abandoned their claims because they failed to address the defendants' arguments); Blankenship v. Necco, LLC, No. 2:16-cv-12082, 2018 WL 3581092, at *9 (S.D.W. Va. July 25, 2018) ("The failure to respond to arguments raised in a motion . . . can indicate that the non-moving party concedes the point or abandons the claim."). Notwithstanding such observations, however, the Court considered and decided the issues on their merits. Id.

The Court does here, too, albeit Plaintiff ignored Defendant's arguments in their entirety, and failed to respond to each claim raised individually in her four (4) page responsive filing. As to Plaintiff's argument that Defendant's motion is premature because the deadline for discovery has not yet passed, a "question presented by a motion to dismiss for insufficient pleadings does not turn on the controls placed on the discovery process. . . . And because [plaintiff's] complaint is deficient under Rule 8, [she] is not entitled to discovery." Iqbal, 556 U.S. 662.[3]

---

[3] Plaintiff's reliance on the purported need for discovery is misplaced.  Although Rule 56 of the Federal Rules of Civil Procedure provide that safe harbor, no such procedural route is provided for under Rule 12.  See Fed. R. Civ. P. 56(d).

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO PARTIALLY DISMISS [ECF NO. 31]**

All allegations referencing Plaintiff's 2015 Action are **DISMISSED** from the complaint because Plaintiff failed to exhaust the administrative remedies. The parties may proceed solely and exclusively on the retaliation claim stemming from the 2017 Action (PHI-17-0510-SSA).

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: March 30, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE